**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN OSVALDO CRUZ | : | |
| | : | |
| Appellant | : | No. 782 MDA 2018 |

Appeal from the Judgment of Sentence April 24, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000122-2017,
CP-67-CR-0002011-2017

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                         **FILED JANUARY 23, 2019**

Appellant, Kevin Osvaldo Cruz, appeals from the judgment of sentence entered on April 24, 2018.  We affirm.

On November 27, 2016, Ryan Myers ("Victim") took his 11-year-old son to a Baltimore Ravens game.  On the way home, Victim purchased heroin from three individuals in York County.  Victim returned home and injected the heroin.  He collapsed and died the next day.

To determine who sold Victim the heroin, police organized a controlled buy between a confidential informant, Michael Grau ("Grau"), and the individual Victim texted to buy the heroin.  Grau called Appellant and arranged to buy $40.00 worth of heroin.  Police drove Grau to the meeting location and witnessed Appellant and Miguel Ortiz ("Ortiz") approach Grau.  Police then witnessed a hand-to-hand exchange between Ortiz and Grau.  Grau gave the

police five bags of heroin he received from Ortiz. When police arrested Appellant, they recovered from his person a firearm, $460.00 in currency, and the cellular telephone used to organize the transaction.

The Commonwealth charged Appellant via two criminal informations with two counts of delivery of a controlled substance,[1] conspiracy to deliver a controlled substance,[2] involuntary manslaughter,[3] drug delivery resulting in death,[4] carrying a firearm without a license,[5] and recklessly endangering another person.[6] On March 14, 2018, a jury convicted Appellant of these seven offenses. On April 24, 2018, the trial court sentenced Appellant to an aggregate term of 9½ to 19 years' imprisonment. This timely appeal followed.[7]

Appellant presents three issues for our review:

1. Whether the evidence was insufficient [to prove] that the Appellant delivered heroin to the Victim . . .?

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 2504.

[4] 18 Pa.C.S.A. § 2506.

[5] 18 Pa.C.S.A. § 6106(a)(1).

[6] 18 Pa.C.S.A. § 2705.

[7] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

2. Whether the evidence was insufficient . . . to establish the Victim died as a direct result of the heroin. . . ?

3. Whether the evidence was insufficient . . . to establish the Appellant delivered heroin [to Grau]. . . ?

Appellant's Brief at 4 (complete capitalization removed).

All of Appellant's issues challenge the sufficiency of the evidence. We review a challenge to the sufficiency of the evidence *de novo* and our scope of review is plenary. ***In the Interest of J.B.***, 189 A.3d 390, 414 n.24 (Pa. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Cramer***, 195 A.3d 594, 601 (Pa. Super. 2018) (cleaned up). The evidence "need not preclude every possibility of innocence. . . . The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." ***Commonwealth v. Thomas***, 194 A.3d 159, 166 (Pa. Super. 2018) (cleaned up).

In his first issue, Appellant argues that the evidence was insufficient to show that he delivered heroin to Victim. Appellant's argument is based on a misrepresentation of the record. Appellant contends that Victim's son "testified that the individuals he saw with his father were 3-4 black males."

Appellant's Brief at 13, *citing* N.T., 3/12/18, at 99-101.[8]  At trial, Victim's son was asked, "Were you able to tell if you can recall what color skin [the individuals] were?"  N.T., 3/12/18, at 99.  Victim's son responded "No."  *Id.* Victim's son was then asked if he remembered telling police "that when you saw your dad exit the store [] that there were three to four black males with him?"  *Id.* at 101.  Victim's son responded "I do not recall that."  *Id.*  Hence, contrary to Appellant's representation of the record, Victim's son testified that he was unsure of the race of the three individuals that sold Victim the heroin.

As noted above, police recovered Victim's cellular telephone after his death and arranged to meet with the person that Victim texted to obtain heroin the night of the Ravens game.  Grau then met with this person to complete a drug transaction.  Appellant was that person.  This strong circumstantial evidence was sufficient to prove that Appellant delivered the heroin to Victim.  Appellant is therefore not entitled to relief on his first claim of error.

In his second issue, Appellant argues that the evidence was insufficient to prove that Victim died due to a heroin overdose.  This argument is without merit.  At trial, Dr. Barbara Bollinger, a forensic pathologist who performed Victim's autopsy, testified that Victim died as a result of a heroin overdose. N.T., 3/13/18, at 224.  Nonetheless, Appellant argues that Victim could have

---

[8] Appellant is Hispanic and not African-American.

- 4 -

died as a result of natural causes. He cites to portions of Dr. Bollinger's testimony in which she details many of Victim's health problems uncovered during the autopsy. Notwithstanding these other health problems, Dr. Bollinger testified that Victim died as a result of a heroin overdose. As noted above, we must view the evidence in the light most favorable to the Commonwealth when assessing the sufficiency of the evidence. In this case, Dr. Bollinger's testimony, together with the autopsy report and supplemental autopsy report detailing the toxicology results, was sufficient to show that Victim died as a result of a heroin overdose and Appellant is not entitled to relief on his second issue.

In his final issue, Appellant argues that the evidence was insufficient to prove that he delivered heroin to Grau. Appellant relies on the fact that police witnessed a hand-to-hand transaction only between Ortiz and Appellant. This argument fails, however, because there was sufficient evidence to convict Appellant under a theory of accomplice liability. "A person is legally accountable for the conduct of another person when[] . . . he is an accomplice of such other person in the commission of the offense." 18 Pa.C.S.A. § 306(b)(3). One manner an individual can be an accomplice is if he "aids or agrees or attempts to aid such other person in planning or committing [an offense.]" 18 Pa.C.S.A. § 306(c)(1)(ii); *see Commonwealth v. Gross*, 101 A.3d 28, 35 (Pa. 2014) (citation omitted) ("An actor and his accomplice share equal responsibility for the criminal act if the accomplice acts with the intent

of promoting or facilitating the commission of an offense and agrees or aids or attempts to aid such other person in either the planning or the commission of the offense.").

In this case, the evidence was sufficient to show that Appellant aided Ortiz in delivering heroin to Grau. When Grau called to set up the drug transaction, he recognized Appellant's voice. Immediately after Grau received the heroin, Appellant was found in possession of the cellular telephone Grau called to set up the drug transaction. Appellant and Ortiz met Grau together and the $40.00 in marked currency used to complete the drug transaction was found on Ortiz's person after the transaction occurred. This overwhelming evidence proved that Appellant was an accomplice to Ortiz delivering heroin to Appellant. Hence, Appellant was liable for delivery under section 306 and there was sufficient evidence to convict Appellant of delivery of a controlled substance for the controlled buy.[9]

Judgment of sentence affirmed.

---

[9] As we conclude that the evidence was sufficient to convict Appellant under an accomplice liability theory, we need not address the Commonwealth's argument that the evidence was also sufficient to convict Appellant for being an actor.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>01/23/2019</u>